BULLEN, Plaintiff-Respondent, v. FELLNER, and another Defendants-Appellants. [Case No. 77–830.]

BULLEN, Plaintiff-Respondent, v. HUTTON, and others, Defendants-Appellants. [Case No. 77–831.]

BULLEN, Plaintiff-Respondent, v. HASLACH, and others, Defendants-Appellants. [Case No. 77–832.]

BULLEN, Plaintiff-Respondent, v. FOSTER, and others, Defendants-Appellants. [Case No. 77–833.]

Supreme Court

*Nos. 77–830, 77–831, 77–832, 77–833. Argued October 30, 1978. —Decided November 28, 1978.*
(Also reported in 271 N.W.2d 673.)

For the appellants there were briefs by *Lee Cullen* and *Kelly, Haus & Cullen* and oral argument by *Lee Cullen* of Madison.

For the respondent there was a brief and oral argument by *Michael Jan Steckelis* of Madison.

Brief amicus curiae Madison Tenants Union and Milwaukee Tenants Union was filed by Legal Action of Wisconsin, Inc., by *Kathleen J. Quinlan* of Madison, and *Lawrence G. Albrecht* and *Louis J. Mestre* of Milwaukee; National Housing Law Project by *Richard E. Blumberg* and *James R. Grow* of Berkeley, California.

Brief amicus curiae The National Apartment Association of Wisconsin, Ltd., was filed by *Theodore C. Widder, III,* and *Schlotthauer, Johnson, Mohs, MacDonald & Widder* of Madison.

COFFEY, J. This is an appeal from an order of the Dane County Circuit Court, Richard W. Bardwell presiding, affirming a judgment order of eviction entered in the Small Claims Branch of the Dane County Court. Leonard F. Roraff, County Judge, pursuant to a motion for summary judgment granted a judgment of eviction against the defendants-appellants and dismissed their respective counterclaims with prejudice. On appeal, the circuit court affirmed the county court's decision that the defendants-appellants failed to plead affirmative defenses which could properly be raised in an eviction action. However, the circuit court reversed and remanded the issue of the defendants-appellants' counterclaims for money damages arising out of the landlord-tenant relationship, and is not at issue in this appeal.

The appellants lease various apartments known as the Frances Court Apartments located in Madison. The apartments rented by the appellants are as follows: Michael Fellner and Candy Weber #7; Wendy Hutton, Kitty Welch and Louis Miller #2; Henry Haslach and Nicole von Hoffman-deMariat #8; and Philip Foster, David Wernecke and Julie Eckenwalder #1. The respondent is a co-owner and resident manager of these properties.

The parties to this appeal do not dispute that each of the aforementioned tenants had an oral agreement with the respondent to pay $150 per month for a month-to-month tenancy. It is alleged by the appellants that this oral agreement was consummated at a meeting in June, 1976 between the respondent, co-owner Bill Woodsen, and several of the appellants. Allegedly, the owners agreed that city building code violations would be remedied within one year, in return for a $50 a month rental increase. This agreement is not disputed by the respondent either in the record or in his brief.

The record substantiates that code violations existed in June, 1976. Representative violations were loose paint

and plaster, improper gas stove shutoff valves, cockroach infestation, broken windows, broken stairs and railings, faulty electrical wiring.

In July, 1976 a follow-up inspection indicated that the prior orders had not been complied with and new violations were found, such as a deteriorating foundation wall, defective plumbing and waste facilities, extension cord wiring, inadequate number of toilets, decaying window frames.

In May of 1977, tenants asked that the Building Inspection Department survey the premises for code violations. Inspector Patricia Ash reviewed the outstanding orders on the building and upon inspection issued orders on additional code violations.

The appellants in units #2, #7 and #8 did not pay August, 1977 rent choosing instead to place the funds into an escrow account. After a five-day notice to quit was not honored by tenants, the respondent commenced eviction proceedings for non-payment of rent. In September the appellants occupying apartment #1 also did not pay rent and the eviction action followed.

To the eviction actions the appellants filed as affirmative defenses the following, explaining their failure to pay rent: (1) the breach of the implied warranty of habitability; (2) the landlord's breach of his statutory duty under sec. 704.07; (3) the landlord's breach of his June, 1976 express promise to remedy code violations. Upon these affirmative defenses a motion for summary judgment was sought by the respondent. The appellants in affidavits in opposition to the motion respectively listed the following uninhabitable conditions:

#7—faulty plumbing and drafty windows.

#2—general allegations of code violations.

#8—heat never rose above 60° in winter months; foundation wall deterioration.

#1—exposed wiring, faulty pressure release valve on furnace.

Prior to the tenants' refusal to pay rent and the filing of the eviction actions, the city of Madison commenced a civil action for the respondent's non-compliance with the 1976 work orders. The affidavit of the city attorney states that the respondent's attorney was advised if the premises were vacated the city would prohibit new tenants from taking possession until the building was brought up to code. In September, 1977 a second civil action was brought by the city for non-compliance with the orders issued by Patricia Ash.

Summary judgment was granted and an order for eviction ensued. Subsequently, the circuit court on review affirmed the order for eviction based upon ch. 299, Stats., but reversed the county court on the issue of the appellants' counterclaims for money damages. Appeal was taken to this court on May 19, 1978; on June 19, 1978 the court stayed the eviction order and ordered the funds held in escrow paid over to the landlord. Also, all subsequent rental payments were ordered paid to the Dane County Clerk of Courts.

*Issue*

Whether tenants being sued for eviction based upon non-payment of rent can raise the following affirmative defenses emanating from city orders for the correction of building code violations:

1. That the landlord has breached the implied warranty of habitability.

2. That the landlord has breached the statutory duty imposed by sec. 704.07, Stats., to keep the premises in a reasonable state of repair.

3. That the landlord has breached an express promise to repair in consideration for increased rental payments.

We consider the appellants' third issue as controlling on the disposition of this case. On the facts of this particular case, eviction cannot issue where the landlord expressly agreed to rectify the numerous building code violations, and thus agreed to bring the Frances Court Apartments into compliance with the city building code. The original monthly rental agreement provided for payments of $100 per month, but an increase of $50 per month was agreed upon in exchange for the landlord's promise to bring the building up to code within one year. The respondent breached this promise. The existence of unchallenged facts that there was an express agreement that the respondent would repair the premises in consideration for increased rental payments of $50 per month requires that we reverse the writ of restitution and judgment order for eviction based upon the tenants' alleged non-payment of rents. We hold that the eviction of these tenants for non-payment of rent cannot proceed in this case where the landlord's breach of contract created a fund from which the appellants conceivably could offset future rental payments. Appropriate fact-finding by the trial court is required to determine the amount of rental credit due each appellant.

The specific agreement to repair in consideration of increased rental payments is the sole basis upon which this decision concerning the landlord-tenant problem of building code violations is made. Future cases of a similar nature will be decided upon their own particular merits. We also recognize that even though eviction may not proceed in this case pursuant to a ch. 299 summary procedure for non-payment of rent, a landlord may choose to terminate the tenancy by statutory notice rather than eviction, subject to the prohibitions against "retaliatory evictions." *Dickhut v. Norton,* 45 Wis.2d

389, 173 N.W.2d 297 (1970). Sec. 704.19(3), Stats., recites that a leasehold tenancy may be terminated in the following manner:

"LENGTH OF NOTICE. At least 28 days' notice must be given except in the following cases: If rent is payable on a basis less than monthly, notice at least equal to the rent-paying period is sufficient; all agricultural tenancies from year-to-year require at least 90 days' notice."

In view of the fact that the issue regarding the express promise to repair is controlling, the issues of whether a breach of the implied warranty of habitability or a breach of the statutory duty to repair are proper affirmative defenses, although raised, need not be considered.

*By the Court.*—Order reversed and remanded for fact-finding to determine the amount of rental credit due each appellant and further proceedings consistent with this opinion.